# DECISIONS

OF THE

# SUPREME COURT OF FLORIDA.

## JUNE TERM, A. D. 1886.

PROVISIONAL MUNICIPALITY, CITY OF PENSACOLA, PLAINTIFF IN ERROR, vs. M. H. SULLIVAN ET AL., DEFENDANTS IN ERROR.

1. The ordinance of the city of Pensacola for the assessment of taxes for the year 1884 was the basis of a valid assessment at the time when the assessment was made, and is continued in force by section 6, chapter 3606, Acts of 1885, entitled "An Act to dissolve Municipal Corporations under circumstances therein stated and to provide provisional governments for the same," to support such assessment.

2. Neither chapter 3606 nor chapter 3607 authorizes or empowers the Tax Collector of Escambia county, when acting as Tax Collector of the "Provisional Municipality of Pensacola," to collect any taxes due the defunct city of Pensacola.

Writ of Error to the Circuit Court for Escambia county.

[The opinions in this case were not given to the reporter

2

with the other opinions delivered at the June Term, A. D. 1886.]

The facts in the case are stated in the opinion.

*W. A. Blount* for Plaintiff in Error.

*R. L. Campbell* for Defendants in Error.

The declared purpose of chapter 3606, as amended by 3607, of the Statutes of Florida, was to dissolve municipal corporations in a specified contingency, and to substitute for them provisional governments.

Such provisional governments can be, in no legal sense, the successors of the corporate governments, though embracing the same territory and community. If, therefore, the ordinances of the latter are continued in force, it is not by way of succession, in the sense of the law; but by an original act of legislation they are made the laws of the new government.

To determine the powers of the new order, we must be guided exclusively by a fair construction of the statute creating it; for "the thing we seek is the thought which *it* expresses." Cooley Con. Lim., 68–9.

"Where there is any ambiguity found, the construction must be in favor of the public, for it is a general rule, that when the public are to be charged with a burden, the intention of the Legislature to impose the burden must be explicitly and distinctly shown." Cooley on Taxation, 201.

The question in this case is, whether the ordinance of the defunct corporation imposing taxes for the year 1884 is one of the ordinances embraced in the words "all ordinances," in section 6?

For the appellee it is urged, that "all ordinances" cannot embrace such as are inconsistent with the special provisions of the statute, and that, to avoid the absurdity in-

volved in such a construction, the words " except as herein-after provided " must be so transposed as to qualify the last predicate of the section, as well as the one to which it is immediately attached.

The Commissioners are empowered to order the Tax As-sessor to assess taxes, annually, under section 9, as amended by chapter 3607, and a special tax to pay coupons, under section 12, and they are further empowered to fix the " times " when the collector shall collect.

The Tax Assessor is authorized, in terms, to assess " such " taxes as the Commissioners may order " annually " to be assessed, and, by necessary implication, also the cou-pon tax provided by section 12.

The Tax Collector is authorized to collect " such " taxes as the assessors may assess, and at such " *times* " as the Commissioners may order.

· The foregoing provisions embrace the powers specially vested in the Commissioners, the Assessor and Collector, and according to the maxim *expressio unius exclusio alter-ius*, they exclude all other powers.

It is obvious that the Tax Collector cannot act until the assessor has assessed ; that the assessor cannot act until or-dered by the Commissioners ; and that there are but two taxes they can order him to assess.

It is equally apparent, that the collector can receive no order from the Commissioners respecting collections except as to the " times" when he shall make them.

When, therefore, they ordered him to collect taxes under an ordinance of the defunct corporation, they virtually made an illegal assessment, and required the collector to do the illegal act of collecting it.

But it is said for the appellant, that the Tax Collector may make other collections besides those specifically desig-nated ; that by virtue of his office, *mero motu*, he may col-

4 SUPREME COURT.

City of Pensacola v. M. H. Sullivan et al.—Argument of Counsel.

lect the taxes imposed by the defunct corporation; and that he can so do, because " there are no words of exclusion limiting his power." But the respondent insists that the exclusion involved in the silence of the statute is as clear, marked, and potent as though declared in terms, under the familiar rule of construction above quoted.

Again, the power of the Tax Collector to collect the taxes imposed by the defunct corporation is said to exist because he is invested " with all the power and authority, rights and privileges " of the collector of the old city. But that power and authority are restricted by the clause " except as hereinafter provided ;" and the definition of his duties, by the subsequent provisions of the statute, gives force and effect to the exceptions, leaving him clothed with none but the special powers bestowed upon him by the act.

To the objection that, under respondent's construction of the statute, the Tax Collector cannot collect license dues, it is a sufficient answer to say that the statute is silent upon that subject, and has, therefore, left it to be regulated by the ordinances of the defunct corporation, or by such as the Commissioners may adopt. On the other hand, upon the subject of taxation it is not silent, but clear and definite in its provisions.

In support of appellant's construction it is urged that " the purpose of the act is of course to make a perfect municipality." But according to whose ideal? And where shall we seek it? In the conception of the Commissioners. or in the statute? According to Judge Cooley " the thing which we seek is the thought *it* expresses."

#### REMEDY.

This proceeding for relief was properly instituted under chapter 151 of the statutes of the State.

An illegal assessment is an illegal charge in the form of

a tax, asserted under color of law, against a citizen or his property. The illegality is not merely modal, but may embrace the illegal charge or claim itself; not only the husk, but the thing itself.

The illegal charge or tax in this case rests upon the act of the Commissioners in ordering it to be collected. They virtually assessed it. Assessment involves two ideas: The process of arriving at a result, and also the result itself. 1 Rapalje & Laurence Law Dict.

Here the Commissioners declared a result—a tax without warrant of law.

This proceeding, therefore, is based not only upon an attempted illegal collection, but also upon an illegal assessment.

The statute is remedial and should be liberally construed so as to advance the remedy.

It is not the settled law of this State that a bill for injunction would lie.

THE CHIEF JUSTICE delivered the opinion of the court:

In pursuance of the power vested in him by chapter 3606, Acts 1885, entitled " An act to dissolve municipal corporations under certain circumstances therein stated and to provide provisional government for the same," the Governor issued his proclamation declaring that the provisions of said act applied to the city of Pensacola and subsequently appointed seven Commissioners to exercise the powers and functions provided by said act for the further government of the defunct city. See *ex parte* Wells, 21 Fla., 280.

The first question presented by the record is, whether the ordinance of the defunct city imposing taxes for the year 1884 is one of the ordinances continued in force by

said act. Section 6 provides as follows: " That all such cities and towns for which Commissioners shall be appointed, as provided for in section 5, are hereby declared to be provisional municipalities, the boundaries of which shall be co-extensive with the boundaries of such defunct cities and towns, and the said Commissioners and such officers as may be appointed, and the inhabitants within the limits of such cities and towns, shall be vested with all the powers and authority, rights and privileges, and charged with all the duties which are conferred on the aldermen and other officers, and the inhabitants, under and by virtue of the said act to provide for the incorporation of cities and towns, approved 4th of February, A. D. 1869, chapter 1688, and the amendments thereto, and other acts conferring power upon municipal corporations, except as hereinafter provided, and as may be inconsistent with this act, and all ordinances in force in such defunct corporation shall remain in force until altered or repealed by said Commissioners."

The language " all ordinances in force in such defunct corporation shall remain in force until altered or repealed by said Commissioners," includes and continues in force the ordinance imposing the taxes for the year 1884. It did not continue in force, of course, as an ordinance for the *imposition* of taxes for years subsequent to the year 1884. For the purpose of determining what amount of taxes should be imposed for the year 1884, it was limited to that year and expired with it, but as the ground work for the liability of the tax payers for the taxes of that year and authority to a legally authorized officer to collect the same, it was an ordinance in force in the city at the time of the passage of the act and was continued by it.

The next question is whether the Tax Collector provided for by chapter 3607, which repeals section 8 and amends

section 9 of chapter 3606, was authorized to collect taxes due the defunct city assessed but not collected by its Tax Collector prior to its dissolution.

Chapter 3607 is as follows: " An act to amend section 9 of an act to dissolve municipal corporations under certain circumstances therein stated and to provide provisional government for the same, approved January 28, 1885, and to repeal the 8th section of that act."

" *The People of the State of Florida, represented in Senate and Assembly, do enact as follows :* SECTION 1. That section nine (9) of an act entitled an act to dissolve municipal corporations under circumstances therein stated and to provide provisional governments for the same, approved January 28, 1885, be amended to read as follows : That the State and county Tax Assessor for the county in which such city is situated annually assess such taxes as shall be ordered by the said Commissioners in the manner provided by law for the assessment of State and county taxes ; and it shall be the duty of the State and county Tax Collector for the county in which such city is situated to collect such taxes at such times as may be ordered by the said board, and to enforce the payment thereof in the same manner as is provided for the collection of State and county taxes, and to pay the same monthly, as the same may be collected, to the County Treasurer who shall be Treasurer of such provisional municipality. The said State and county Tax Assessor and Collector shall be paid out of the taxes so collected the same fees as is allowed them by law for the performances of their respective duties ; and it shall be the duty of the Sheriff for the county in which such city shall be situated to perform the duties of Marshal for such provisional municipality, and to appoint, subject to approval and removal by the board, such numbers of policemen as may be authorized by the board ; and it shall be the duty

of the Clerk of the county in which said city is situated to perform all the duties of City Clerk for said provisional municipality. The compensation of such Marshal and Clerk shall be fixed by the board. The said named officers shall enter into bonds in amount to be fixed and with securities to be approved by the board for the faithful performance of their duties; *And it is further provided*, That if any of the said officers shall fail to qualify as required, the Governor shall appoint a suitable person in his place, who shall give like bond and with sureties to be approved by the board, and who shall be authorized and empowered to perform all the duties required by law of such officer.

" SEC. 2. That section eight (8) of the aforesaid act be, and the same is, hereby repealed.

" Approved February 12, 1885."

If any person is authorized to collect these taxes such authority must be found within one or the other of these two acts.

Under the old charter of the city there was a City Tax Assessor and a City Tax Collector.

By chapters 3606 and 3607, Acts 1885, the duty of assessing and collecting the city taxes is committed to the Tax Assessor and Tax Collector of the county in which such defunct city is situated, in this case in the Assessor and Collector of the county of Escambia. In defining and prescribing their duties the power of the Tax Collector is confined to collecting such taxes as may be assessed by the County Tax Assessor. The taxes of the year 1884 were not assessed by him. The law makes no provision for the collection of the taxes due the defunct city.

The specification of the powers of the " officers appointed " mentioned in section 6 of the act is an adoption of the general incorporation act to define the duties of such officers under the proposed provisional municipality, and

does not refer to or include any duty of the officers through their authority under the provisional government to any formerly existing corporation.

It is of no consequence that the object of the act was to make the provisional municipality a close successor to the old corporation. If while such defunct city was in the full possession of its corporate privileges with an unquestioned ordinance in existence imposing a tax for the year 1884 a law had been passed abolishing the offices of Tax Assessor and Tax Collector of such city and authorizing the Tax Assessor of the county where such city was situated to annually assess such taxes as shall be ordered by the next Board of Aldermen elected for said city, and the Tax Collector of said county to collect such taxes, the construction would be the same, the removing by the Legislature of the only officer authorized to collect the taxes due, and empowering another officer to collect taxes which were to become due, and being silent as to the power of the new officer to collect back taxes would leave the city without an officer authorized to collect such unpaid taxes. If it was the intention of the Legislature to authorize the County Tax Collector to collect the taxes due the defunct city it is not apparent from the language of the act, and can only be inferred from what a reasonable man would suppose, with the object in view, it should have done. No inference of intention can be based on such supposition. The intention must be apparent from the words used. Cooley's Constitutional Limitations, 68 and n.

It will be seen that the result of this opinion is, that we hold that the assessment made during the existence of the defunct corporation is a valid existing assessment, but that there is no person, authorized by the acts alluded to, to enforce it.

As the petition in this case only asks that the assessment

be declared unlawful the case must be reversed, but as the same question may arise in another proceeding, and as it is of public importance, we have thought it proper to express our views as to the proper construction of the acts.

Judgment reversed.

MR. JUSTICE RANEY delivered the following opinion:

The assessment in question is not one made by the County Tax Assessor pursuant to an order of the Board of Commissioners under section 9 of chapter 3606 as amended by section 1 of chapter 3607, but was made by the former government of Pensacola under an ordinance prior to the dissolution under chapter 3606. The assessment being in existence at the time of the dissolution of the former government the ordinance upon which it was based was continued in force by section 6 of chapter 3606 as a support or basis of the assessment. There is nothing to show that had the former municipal government continued the assessment would be illegal. The ordinance is of the same effect to support the assessment as it would be had the former government continued and the tax year, for which the tax assessed was levied, had expired leaving the assessment roll outstanding and the taxes uncollected.

The second objection is that the County Tax Collector cannot, under chapters 3606 and 3607, collect the above assessments. The remedy afforded by section 4 of chapter 151 of the Statutes is confined to cases in which there is an illegality in the assessment. If, however, it should be that under chapters 3606 and 3607 a person holding the office of Collector of Revenue of the county who has qualified under the latter chapter as Collector of Taxes of a provisional municipality cannot collect under section 6 of the former statute municipal taxes assessed before the institution of the new government, which I do not admit or ex-

press an opinion on, still an unlawful attempt by the Collector to enforce such taxes does not constitute an illegality in the assessment. The collection of taxes is not an element of the assessment, but is subsequent in time to it and assumes a valid assessment. We cannot thus extend the remedy afforded by the act, and pronounce judgment upon the power of one officer, a Collector of Taxes, when the statute confines our judgment to a declaration as to whether an assessment, the work of another officer, has been lawfully made.

In my judgment there was error in the decision of the lower court, and its action should be reversed, for the reasons I have stated above.